UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON RABOLD and<br>DEBRA RABOLD, | : <br> : <br> : | Misc. No. 1:15-MC-536 |
| Petitioners | : <br> : | |
| v. | : <br> : | (Magistrate Judge Carlson) |
| JUDGE PATTI-WORTHINGTON,<br>et al., | : <br> : <br> : | |
| Defendants | : | |

## **MEMORANDUM AND ORDER**

This matter involves several *pro se* pleadings lodged by the clerk under a Miscellaneous Number and referred to the undersigned. The pleadings purport to have been issued by something called "the Unified United States Common Law Grand Jury," and are cast in the nature of writs of mandamus, coram nobis and habeas corpus, directing a federal judge to conduct proceedings relating to a state inmate, Aaron Rabold, and release Rabold.

Our review of these pleadings reveals them to be legal nullities on several scores. First, to the extent that the documents purport to be issued by something called the "Unified United States Common Law Grand Jury," we are constrained to note that no such entity exists in our legal system. While the grand jury is an institution

enshrined in the Fifth Amendment to the United States Constitution, U.S. Const. Amend V, the composition, function and activities of the grand jury are exclusively defined by statute and rule. See e.g., Rule 6, Federal R. Crim., Pro., 28 U.S.C. §1861 *et seq*. Simply put, these is no "common law" federal grand jury, and the entity described in these documents, the "Unified United States Common Law Grand Jury," exists only in the minds of the authors of these pleadings. Therefore, since the "Unified United States Common Law Grand Jury" is a legal nullity the clerk should take no action upon writs that purport to be issued by this entity.

These pleadings are misguided in another basic respect. They misconstrue the purpose and function of the grand jury. The role of the grand jury in our legal system is to determine whether probable cause exists to charge a person with a criminal offense. Grand juries do not adjudicate post-conviction relief petitions. Therefore, to the extent that "the Unified United States Common Law Grand Jury," seeks to issue writs of mandamus, coram nobis and habeas corpus, directing a federal judge to conduct proceedings relating to a state inmate, Aaron Rabold, and release Rabold, this body indulges in an activity which is beyond the scope and competence of any grand jury.

Given these profound flaws in the documents tendered to the Court and lodged with the clerk under this Miscellaneous Number IT IS ORDERED that the clerk shall close this Miscellaneous file without further action on these purported "writs."

We note, however, that lurking within these pleadings is a document that is described as a petition for writ of habeas corpus filed on behalf of Aaron Rabold, a state inmate. (Doc. 1.) This habeas corpus petition is flawed in a number of respects. It does not appear to comply with the requirements prescribed by law. See 28 U.S.C. §2254. Further, it is unclear whether this petition has been filed and approved by inmate Rabold himself, or rather was generated by others who claim to be acting on Rabold's behalf, but whose actions could harm Rabold by submitting a flawed habeas corpus petition in his name, an action which could bar future petitions by Rabold.

Taking all of these factors into consideration and acting out of an abundance of caution, in order to ensure that Mr. Rabold's rights are fully protected, IT IS FURTHER ORDERED as follows:

1. The clerk shall file the 9-page writ of habeas corpus that is purportedly filed on behalf of Aaron Rabold as a petition for writ of habeas corpus, assign this action to a district judge, and refer the case to the undersigned for further proceedings. The petition shall be deemed filed as of the date of the filing of this Miscellaneous Case, November 30, 2015.

2. The inmate locator service indicates that Aaron Rabold, No. GK 7700, is held at the State Correctional Institution, Waymart, P.O. Box 256, Route 6, Waymart, PA 18472. The clerk shall list the petitioner's name and address on the docket of this newly opened case, and shall forward a copy of the petition filed on behalf of Rabold to this prisoner, who is the only proper party in a federal habeas corpus petition.

3. Upon the assignment of this matter to the undersigned we will issue appropriate election orders to Rabold to ensure that Rabold actually wishes to pursue a federal habeas corpus petition, and will take all necessary action to ensure the fair and prompt resolution of this case.

*S/Martin C. Carlson*<br>
Martin C. Carlson<br>
United States Magistrate Judge

<u>Dated:</u> December 18, 2015